**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ADAM DEL CAMPO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV 05-02747 PHX SMM MEA |
| ) | |
| JOSEPH M. ARPAIO, CAPTAIN ) | ORDER OF DISMISSAL |
| PETERSON, ) | WITHOUT PREJUDICE |
| ) | |
| Defendants. ) | |

Plaintiff, while an inmate at the Maricopa County Durango Jail in Phoenix, Arizona, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 8, 2005. On March 16, 2006, the Court issued an order directing monthly payments be made from Plaintiff's inmate account and sent a copy of the payment order to Plaintiff. The Court's order also required Plaintiff to complete and return a service packet for Defendant to the Court by April 5, 2006. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure. The civil docket in this matter indicates that Plaintiff never returned a service packet for Defendants to the Court. The order was not returned to the Court as undeliverable.

Plaintiff was warned that his failure to acquire a waiver of service from Defendants or to complete service of process on Defendants within 60 days of the date that the service order was filed, i.e., by May 15, 2006, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil Procedure. On May 17, 2006, the Court ordered Plaintiff to show cause why his case should not be for Plaintiff's failure to comply with the Court's order of March 16, 2006, and Plaintiff's failure to effect service of process on Defendants as required by the Court's order of March 16, 2006, and Rule 4, Federal Rules of Civil Procedure. The Order to Show Cause was returned to the Court as undeliverable. <u>See</u> Docket No. 6.

Plaintiff was apparently released from the custody of the Maricopa County Sheriff's Department prior to May 22, 2006.[1] <u>See</u> Docket No. 6. Plaintiff has not provided the Court with his current address.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide: "You must immediately notify the clerk ... in writing of any change in your mailing

---

[1] Because Plaintiff was released from custody, Plaintiff is obligated to pay the filing fee for his section 1983 action within one month of being released from custody.

address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

Plaintiff has a general duty to prosecute this case. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a

-4-

dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 29th day of September, 2006.

/s/ Stephen M. McNamee
Stephen M. McNamee
United States District Judge

-5-